**ABILENE HOUSING AUTHORITY,**
Petitioner,

v.

**GENE DUKE BUILDERS,**
**INC., Respondent.**

No. 05–0631.

Supreme Court of Texas.

June 1, 2007.

Megan Robbins Santee, Mary Carolyn Foster, Housing Authority of the City of

Abilene, Billy W. Boone, Boone Law Office, Sharon E. Hicks, City Attorney, Abilene, TX, for Petitioner.

Donald M. Hunt, Lawrence Matthew Doss, Mullin Hoard & Brown, L.L.P., Lubbock, TX, for Respondent.

PER CURIAM.

The Abilene Housing Authority contracted with Gene Duke Builders, Inc. for repair of housing units. After a dispute arose concerning completion and payment, Duke, pursuant to the contract, filed a claim with the "contracting officer," the Authority's executive director, to no avail. Duke then sought to appeal by demanding arbitration. When the Authority refused, Duke sued the Authority to compel arbitration. At first the trial court ordered arbitration, but the Authority then filed a plea to the jurisdiction, asserting that the procedures for resolving claims against the State in chapter 2260 of the Texas Government Code [1] provided the exclusive forum for Duke's claim.[2] In response, Duke argued, among other things, that the Authority was not a "unit of state government" to which chapter 2260 applied.[3] That term is defined by section 2260.001(4) to include any "entity that is in any branch of state government and that is created by the constitution or a statute," but it expressly excludes "special purpose district[s]." [4] The trial court agreed with the Authority, vacated the order compelling arbitration, and dismissed the case for want of jurisdiction.

■ The court of appeals reversed, holding that a municipal housing authority is not a "unit of state government" to which chapter 2260 applies.[5] We agree, for essentially the reasons offered by the court of appeals. Thus, chapter 2260 does not bar Duke's suit.

■ The court of appeals further held that the Authority's immunity from suit was waived by section 392.065 of the Texas Local Government Code, which lists in one sentence the "miscellaneous powers" of housing authorities and states in pertinent part: "An authority may: (1) sue and be sued...." After the court issued its opinion, we decided *Tooke v. City of Mexia,* which holds in part that section 51.075 of the Texas Local Government Code, stating that a home-rule municipality "may plead and be impleaded in any court," does not waive immunity from suit because neither the brief provision itself nor its broader statutory context reflect a clear and unambiguous legislative intent to waive immuni-

1. Tex. Gov't Code §§ 2260.001–.108.

2. *Id.* § 2260.005 ("Subject to Section 2260.007 [retaining the Legislature's authority to deny or grant immunity by any means], the procedures contained in this chapter are exclusive and required prerequisites to suit in accordance with Chapter 107, Civil Practice and Remedies Code [regarding legislative permission to sue the State]. This chapter does not prevent a contractor sued by a unit of state government from asserting a counterclaim or right of offset against the unit of state government in the court in which the unit of state government files the suit.").

3. *Id.* § 2260.051(a) ("A contractor may make a claim against a unit of state government for

breach of a contract between the unit of state government and the contractor.").

4. *Id.* § 2260.001(4) (" 'Unit of state government' means the state or an agency, department, commission, bureau, board, office, council, court, or other entity that is in any branch of state government and that is created by the constitution or a statute of this state, including a university system or institution of higher education. The term does not include a county, municipality, court of a county or municipality, special purpose district, or other political subdivision of this state.").

5. *Gene Duke Builders, Inc. v. Abilene Housing Authority,* 168 S.W.3d 215, 218–20 (Tex.App.-Eastland 2005).

ty from suit.[6] The text of section 392.065 no more reflects an intent to waive immunity than the text of section 51.075, and Duke does not argue that such an intent can be gleaned from the broader statutory context in which the former appears, a subject on which we express no opinion. The court of appeals' opinion is thus inconsistent with *Tooke*, and we disapprove it.

But we also held in *Tooke*[7] that absent some other waiver of immunity, sections 271.151–.160 of the Texas Local Government Code (enacted a month before the court of appeals issued its decision in this case[8]) retroactively waive, with limitations, immunity from suit for the "adjudication"[9] of certain claims against a "local governmental entity" defined as "a political subdivision of this state, other than ... a unit of state government, as that term is defined by Section 2260.001, Government Code, including a ... special-purpose district or authority...."[10] Special-purpose districts, expressly excluded under chapter 2260, are expressly included under sections 271.151–.160. The parties should have the opportunity on remand to address the applicability of these provisions and any other arguments.[11]

6. 197 S.W.3d 325, 342 (Tex.2006).

7. *Id.* at 344–45.

8. Act of May 23, 2005, 79th Leg., R.S., ch. 604, §§ 1–3, 2005 Tex. Gen. Laws 1548.

9. Tex. Loc. Gov't Code § 271.151(1) (" 'Adjudication' of a claim means the bringing of a civil suit and prosecution to final judgment in county or state court and includes the bringing of an authorized arbitration proceeding and prosecution to final resolution in accordance with any mandatory procedures established in the contract subject to this subchapter for the arbitration proceedings.").

10. *Id.* § 271.151(3) (" 'Local governmental entity' means a political subdivision of this state, other than a county or a unit of state government, as that term is defined by Sec-

Accordingly, we grant the Authority's petition for review, and without hearing oral argument,[12] reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

tion 2260.001, Government Code, including a: (A) municipality; (B) public school district and junior college district; and (C) special-purpose district or authority, including any levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, emergency service organization, and river authority.").

11. *City of Houston v. Jones*, 197 S.W.3d 391, 392 (Tex.2006) (per curiam).

