**James Michael TERRELL, Roy Wright, and Terrell Associates, L.L.C., Appellants,**

v.

**TEXAS SERENITY ACADEMY, INC., Don R. Johnson, and Hagemon Simmons, Appellees.**

No. 14–08–00484–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 2009.

Waverly R. Nolley, Houston, for appellants.

Shelton Sparks, Houston, Linda Ibach Shaunessy, Kelly Radnolph Evans, Austin, for appellees.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

**OPINION**

JOHN S. ANDERSON, Justice.

This is an attempted accelerated interlocutory appeal from the trial court's granting of appellees, Texas Serenity Academy, Inc., Don R. Johnson, and Hagemon Simmons' plea to the jurisdiction. Because we do not have jurisdiction, we dismiss appellants' appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Appellants, James Michael Terrell, Roy Wright, and Terrell Associates, L.L.C., filed suit against appellees, Texas Serenity Academy, Inc., Don R. Johnson, and Hagemon Simmons, as well as other parties, seeking payment for sums allegedly owed as a result of construction and repair work performed on Texas Serenity Academy's building. Texas Serenity Academy is an open-enrollment charter school. Appellees, contending they were immune from liability, filed a plea to the jurisdiction, which the trial court granted.[1] Appellants then filed this interlocutory appeal, ostensibly under the authority of section 51.014(a)(8), which permits a party to appeal an interlocutory order that grants or denies a plea to the jurisdiction by a "governmental unit" as defined in section 101.001 of the Texas Civil Practice & Remedies Code.[2]

Soon thereafter, the Dallas Court of Appeals issued its opinion in *LTTS Charter School, Inc. v. C2 Construction, Inc.*, 288 S.W.3d 31 (Tex.App.-Dallas, 2009, n.p.h.). In *LTTS Charter School*, a charter school attempted to appeal from the denial of its plea to the jurisdiction. *Id.* at 32–33. The Dallas Court of Appeals held a charter school does not qualify as a school district, political subdivision, or governmental unit as defined by Civil Practice & Remedies Code section 101.001 and dismissed the appeal for want of jurisdiction. *Id.* at 34–38.

Finding *LTTS Charter School* persuasive, on April 21, 2009, we notified the parties it appeared this court lacked jurisdiction to hear the appeal. We also notified the parties that, unless they filed a response showing grounds for allowing this appeal to continue, the appeal would be dismissed for want of jurisdiction. *See* Tex.R.App. P. 42.3(a). Neither party filed a response. Because we conclude there is no statutory basis for this court to exercise jurisdiction over this appeal, the appeal is dismissed. *LTTS Charter School*, 288 S.W.3d at 38.

---

1. Appellees' plea to the jurisdiction was based on section 12.1056 of the Texas Education Code, which provides in pertinent part: "In matters related to the operation of an open-enrollment charter school, an open-enrollment charter school is immune from liability to the same extent as a school district, and its employees and volunteers are immune from liability to the same extent as school district employees and volunteers." Tex. Educ.Code Ann. § 12.1056 (Vernon 2006). Because we conclude we do not have jurisdiction over this appeal, we do not address the propriety of the trial court's granting of appellees' plea to the jurisdiction.

2. Section 101.001(3)(B) and (D) defines a "governmental unit" as:
   (B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority[.]
   (D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution. Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(B) & (D) (Vernon 2005).