NUMBER 13-10-236-CV





COURT OF APPEALS


 THIRTEENTH DISTRICT OF TEXAS


 CORPUS CHRISTI - EDINBURG

 



INFORMATION REFERRAL RESOURCE Appellant,

ASSISTANCE, INC.,

 

 v.


DR. ISMAEL CANTU, Appellee.





 On Appeal from the 275th District Court

 of Hidalgo County, Texas. 





 MEMORANDUM OPINION

 

 Before Chief Justice Valdez and Justices Rodriguez and Vela

 Memorandum Opinion Per Curiam


Appellant, Information Referral Resource Assistance, Inc. ("IRRA"), appeals from
an order granting a new trial in favor of appellee, Dr. Ismael Cantu. We dismiss the
appeal.

I.

Dr. Cantu was employed as the superintendent of IRRA's charter school when his
employment contract was not renewed and he was suspended with pay. Cantu brought
suit against IRRA for breach of contract and for violations of the Texas Whistleblower Act. 
See generally Tex. Gov't Code Ann. §§ 554.001-554.010 (Vernon 2004 & Supp. 2009). 
IRRA filed a motion for summary judgment on grounds that "Cantu did not file his
whistleblower claims within the applicable statute of limitations." 

On April 20, 2009, the trial court granted summary judgment in favor of IRRA and
entered an order stating the "Plaintiff's claims under the Texas Whistleblower Statute are
hereby dismissed." IRRA filed a motion to sever Cantu's whistleblower claims from the
remaining unadjudicated causes of action. On April 24, 2009, the trial court granted the
motion to sever. On July 9, 2009, however, the trial court set aside the severance order
on grounds "there was no notice of hearing sent to counsel of record nor a hearing set" on
the motion for severance. 

On March 8, 2010, the trial court entered a new order granting IRRA's motion for
severance, thus making the whistleblower claims "final and appealable." Cantu filed a
motion for new trial on March 18, 2010, and IRRA filed a response thereto. On April 8,
2010, the trial court granted Cantu's motion for new trial on the whistleblower claims and
expressly vacated his previous orders granting summary judgment and severing these
causes of action.

II.

This appeal ensued. This cause is currently before the Court on various pending
motions. Cantu filed a "Motion to Dismiss the Appeal" on grounds that the order subject
to appeal is a non-appealable interlocutory order. IRRA filed a response to the motion to
dismiss contending that the Court has jurisdiction over the appeal because it is an appeal
of an interlocutory order denying a motion for summary judgment that is based on an
assertion of immunity by a political subdivision of the State. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(5) (Vernon 2008). Cantu filed a reply through which he argues,
inter alia, that IRRA's motion for summary judgment is based on the statute of limitations
and is not based on immunity, and further, IRRA does not qualify as a political subdivision
of the State. Cantu thus alleges that IRRA is not entitled to an interlocutory appeal. 

Also pending before the Court is IRRA's "Motion to Stay Pending Trial," through
which IRRA asserts that the underlying matter is set for trial on October 4, 2010, and that
it is entitled to a stay of the trial proceedings under the civil practice and remedies code. 
See id. 51.014(b),(c) (Vernon 2008). Cantu filed a response to the motion to stay, again
urging the Court to dismiss the appeal on grounds that IRRA's status as an open
enrollment charter school does not qualify it as a "political subdivision" for purposes of
bringing an interlocutory appeal, and again contending that the motion for summary
judgment was based on limitations and not immunity.

III.

After fully reviewing and considering these matters, we reach the following
conclusions. First, the motion for summary judgment at issue is not "based on an assertion
of immunity" as required for an interlocutory appeal. The summary judgment motion does
not address IRRA's alleged status as a governmental entity or political subdivision or
otherwise assert in any way that IRRA is immune from suit. The motion does not reference
sovereign, governmental, or official immunity. Rather, it seeks summary judgment
"because Cantu did not file his whistleblower claims within the applicable statute of
limitations." Accordingly, the motion does not fall within section 51.014(a)(5) as a "motion
for summary judgment that is based on an assertion of immunity."

Second, as a general rule, an order granting a new trial is an interlocutory order that
is not reviewable on direct appeal from the order or from a final judgment. See Wilkins v.
Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005) ("Except in very limited
circumstances, an order granting a motion for new trial rendered within the period of the
trial court's plenary power is not reviewable on appeal."); Cummins v. Paisan Constr. Co.,
682 S.W.2d 235, 236 (Tex. 1984). Under Texas procedure, appellate courts possess
jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly
confers appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998);
Eichelberger v. Hayton, 814 S.W.2d 179, 182 (Tex. App.-Houston [1st Dist.] 1991, writ
denied). A statute authorizing an appeal from an interlocutory order is in derogation of the
general rule that only final judgments are appealable; thus, we strictly construe such a
statute. Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd., 95 S.W.3d 511, 514 (Tex.
App.-Houston [1st Dist.] 2002, no pet.).

IRRA contends that the trial court's order granting a new trial and vacating the order
granting summary judgment is one that is "effectively denying said motion." IRRA cites no
authority in favor of this proposition. Moreover, the terminology utilized in the order at
issue grants Cantu's motion for new trial and vacates, rather than denies, the motion for
summary judgment. Cf. Moncada v. Brown, 202 S.W.3d 794, 797-98 (Tex. App.-Waco
2006, no pet.) (allowing review of an order granting a motion for new trial which expressly
denied a motion for summary judgment based on immunity); see Parrish v. Brooks, 856
S.W.2d 522, 526 (Tex. App.-Texarkana 1993, writ denied). In the instant case, nothing
prevents the trial court from reconsideration of the motion for summary judgment under
review or a motion for summary judgment premised on immunity. 

Third, IRRA contends that it is a "political subdivision" of the State that is appealing
the denial of "a motion for summary judgment that is based on an assertion of immunity
by a. . . political subdivision of the state," and is accordingly entitled to an interlocutory
appeal under the civil practice and remedies code. See Tex. Civ. Prac & Rem. Code Ann.
§ 51.014(a)(5). IRRA is an open-enrollment charter school. See, e.g., Rosencrans v.
Altschuler, 161 S.W.3d 517, 518 (Tex. App.-Eastland 2004, no pet.); see Tex. Educ. Code
Ann. §12.101, 12.105 (Vernon 2006). We note that some courts have concluded that they
lack jurisdiction over interlocutory appeals regarding pleas to the jurisdiction by open-enrollment charter schools because they do not qualify as governmental units. See LTTS
Charter Sch., Inc. v. Palasota, 293 S.W.3d 830, 831-32 (Tex. App.-Dallas 2009, pet.
granted); LTTS Charter Sch., Inc. v. C2 Constr., 288 S.W.3d 31, (Tex. App.-Dallas 2009,
pet. granted); Terrell v. Tex. Serenity Acad., Inc., 290 S.W.3d 424, (Tex. App.-Houston
[14th Dist.] May 21, 2009, no pet.). However, we need not address this issue herein. See
Tex. R. App. P. 47.1, 47.4. 

IV.

The Court, having examined and fully considered the pending motions, responses,
and replies, and the clerk's record filed in this cause, is of the opinion that IRRA's
attempted interlocutory appeal should be dismissed. Cantu's "Motion to Dismiss" is
GRANTED. IRRA's "Motion to Stay" is DENIED. The appeal is DISMISSED. 


 PER CURIAM


Delivered and filed this

17th day of September, 2010.