

# NUMBER 13-13-00139-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ARBOR E & T LLC., D/B/A
RESCARE WORKFORCE
SERVICES,                                                                    Appellant,

v.

LOWER RIO GRANDE
VALLEY WORKFORCE
DEVELOPMENT BOARD
INC., D/B/A WORKFORCE
SOLUTIONS, ET AL.                                                          Appellees.

---

On appeal from the 398th District Court
of Hidalgo County, Texas.

---

# ORDER

Before Justices Benavides, Perkes and Longoria
Order Per Curiam

This accelerated, interlocutory appeal was submitted to a panel of this Court on September 26, 2013. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2012). On September 27, 2013, Arbor E&T, LLC d/b/a Rescare Workforce Services ("Arbor") filed a motion for leave to "re-open and supplement brief" requesting that it be allowed to supplement the appendix to its brief with an exhibit that is not part of the appellate record. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); 38.1(k)(2) ("Appendix in Civil Cases, Optional Contents"); 38.7 ("Amendment or Supplementation"). Counsel for Arbor has certified that he has conferred with counsel for Workforce Solutions Lower Rio Grande Valley, Inc. ("Workforce Solutions") and that Workforce Solutions is opposed to the relief requested in Arbor's motion. *See* TEX. R. APP. P. 10.1(a)(5).

"An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal." *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.); *see also Adams v. Reynolds Tile and Flooring, Inc.*, 120 S.W.3d 417, 423 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (stating that the attachment of documents as appendices to briefs does not constitute formal inclusion in the record on appeal). "Material outside the record that is improperly included in or attached to a party's brief may be stricken." *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ).

However, we may "consider documents submitted by the parties that are outside of the record for the purpose of determining our own jurisdiction." *Harlow Land Co. v. City of Melissa*, 314 S.W.3d 713, 716 n.4 (Tex. App.—Dallas 2010, no pet.); *Burgess v. State*, 313 S.W.3d 844, 854 n.5 (Tex. App.—Fort Worth 2010, no pet.) ("We may consider

documents submitted by the parties that are outside of the trial court's record for the purpose of determining our own civil jurisdiction."). Furthermore, in this case, our jurisdiction is at issue because the parties disagree about whether Workforce Solutions is a "governmental unit." *See Terrell v. Tex. Serenity Acad., Inc.*, 290 S.W.3d 424, 424–25 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (dismissing appeal from interlocutory order granting plea to the jurisdiction after concluding that defendant was not a "governmental unit" under the Texas Tort Claims Act); *see also Cantu Servs., Inc. v. United Freedom Assoc., Inc.*, 329 S.W.3d 58, 64 (Tex. App.—El Paso 2010, no pet.) ("As UFA is not a governmental unit, we do not find that any of the statutorily-permitted exceptions in Section 51.014 would permit Cantu's appeal of the trial court's interlocutory order [granting UFA's plea to the jurisdiction] in this case.").

Accordingly, Workforce Solutions is hereby ORDERED to file a response to Arbor's motion within ten (10) days of this order. It is so ordered.

PER CURIAM

Delivered and filed the
3rd day of October, 2013.

3