

# NUMBER 13-19-00554-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TANEISHA PAULIONO, 
Appellant,

v.

BROWNSVILLE TX EAST PRICE
BIG 22 LLC D/B/A LA RESIDENCIA, 
Appellee.

On appeal from the County Court at Law No. 4
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Silva**

Appellant Taneisha Pauliono brought suit against appellee Brownsville TX East Price Big 22 LLC d/b/a La Residencia (La Residencia) for breach of contract for failing to make repairs to her residence under a lease agreement. After an unfavorable ruling in the justice court, Pauliono appealed for a de novo review in the county court at law.

Following a hearing, the trial court entered a take-nothing judgment for La Residencia. In three issues, which we treat as one, Pauliono challenges the factual sufficiency of the evidence supporting the trial court's judgment.[1] We affirm.

## I. BACKGROUND

Pauliono entered into a one-year lease with La Residencia on March 19, 2019. On April 10, the electricity in Pauliono's apartment began malfunctioning, causing her refrigerator and half of her apartment to lose power. Pauliono notified La Residencia through its emergency after-hours phone line. The following day, a maintenance worker went to Pauliono's apartment to inspect the issue, but the problem had subsided at the time. Following the maintenance worker's advice, Pauliono notified the front office of La Residencia. By May 3, the problem persisted, leading Pauliono to provide written notice to La Residencia and requesting either resolution to the problem, or to be moved to another apartment unit. As the problem continued, Pauliono filed suit against La Residencia on June 12, 2019, in the justice court of Cameron County, requesting $10,000 in damages.[2] On June 21, Pauliono provided La Residencia written notice of mold in the air conditioning vent. At some point, Pauliono notified La Residencia that the air conditioning unit was not cooling properly.

La Residencia replaced Pauliono's air conditioning condenser, fan, and thermostat on June 21. La Residencia originally scheduled a company to clean Pauliono's vents on

---

[1] Pauliono asserts three issues on appeal: (1) La Residencia breached the lease agreement by providing an uninhabitable environment; (2) La Residencia is responsible for damages for breaching the lease; and (3) the evidence was factually insufficient to support the trial court's judgment.

[2] In relevant part, Pauliono's petition sates "The basis for the claim which entitles the plaintiff to seek relief against the defendant is breach of contract/lease: landlord has failed to provide a habitable environment."

June 24, but the cleaning was rescheduled to June 27 because the company's truck broke down. On June 27, the company arrived an hour late, which interfered with Pauliono's celebration of her daughter's birthday, again prompting the parties to reschedule to July 3. On July 3, no individual over the age of eighteen was present, so the company could not proceed. The company was apparently able to clean Pauliono's vents on July 16. On July 30, the electrical breaker to Pauliono's apartment was replaced by an independent contractor.

Because not all of the issues had been resolved, Pauliono withheld rent for the month of July. On July 5, La Residencia provided Pauliono with a notice to vacate due to unpaid rent. La Residencia proceeded to file an eviction suit on July 26. Pauliono countersued, claiming retaliation by La Residencia for filing her initial lawsuit.[3] After receiving an unfavorable ruling at the justice court level, Pauliono sought de novo review with the county court at law.

A bench trial was held on September 23, 2019. Pauliono presented copies of the written notices she provided La Residencia on May 3 (electrical problem) and June 21 (mold problem)—both were admitted. Related to the breach of contract claim, Pauliono also presented copies of La Residencia's June 28, notice of appointment to clean the ducts, as well as its July 10 notice of rescheduled appointment, including the previously scheduled dates for cleaning, which were admitted.[4] Neither party disputes the days and times of the scheduled appointments, nor the reasons each was rescheduled. Pauliono

---

[3] Although relevant to the factual background of this case, the eviction proceedings and subsequent retaliation claim by Pauliono are not subject to this appeal.

[4] Pauliono also presented exhibits related to her retaliation claim, including La Residencia's notice to vacate to Pauliono and the citation and petition for La Residencia's eviction suit against Pauliono.

did not present any evidence or testimony related to damages, but in closing stated: "[I]t is clear that the defendant was guilty of breaching the lease that we had in place and not providing a habitable and safe place for me and my children, I'm asking that the court award damages in the amount of $10,000 for pain and suffering and mental distress." Pauliono obtained a judgment for $1,800 for her retaliation claim, but the court entered a take-nothing judgment in favor of La Residencia for her breach of contract claim. This appeal followed.

## II. STANDARD OF REVIEW

In reviewing a challenge to the factual sufficiency of evidence, the appellate court should examine the entire record, considering both the evidence in favor of and contrary to the challenged findings. *Editorial Caballero, S.A. de C.V. v. Playboy Enters., Inc.*, 359 S.W.3d 318, 329 (Tex. App.—Corpus Christi–Edinburg 2012, pet. denied) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam)). When a party attacks the factual sufficiency of an adverse finding on an issue on which it has the burden of proof, the appellant bears the burden of demonstrating that "the adverse finding is against the great weight and preponderance of the evidence." *Id.* The judgment will only be set aside if the evidence is so weak as to make the judgment "clearly wrong and manifestly unjust." *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The factfinder is the sole judge of the witnesses' credibility and may choose to believe one witness over another. *See id.*

"When neither party requests findings of fact and conclusions of law following a nonjury trial, all fact findings necessary to support the trial court's judgment are implied." *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). "An appellate court

4

cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal." *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.); *see also Arbor E & T, LLC v. Lower Rio Grande Valley Workforce Dev. Bd., Inc.*, 476 S.W.3d 25, 29 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.). Generally, a party may not assert a new cause of action or argument on appeal. TEX. R. APP. P. 33.1(a); *see also Gignac & Assoc., LLP v. Hernandez*, No. 13-17-00336-CV, 2018 WL 898144, *2 (Tex. App.—Corpus Christi–Edinburg Feb. 15, 2018, no pet.) (mem. op.).

### III.  APPLICABLE LAW

"The elements in a suit for breach of contract claim are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Doss v. Homecoming Fin. Network, Inc.*, 210 S.W.3d 706, 713 (Tex. App.—Corpus Christi–Edinburg, 2006 pet. denied). Failure of a plaintiff to prove any one of the elements will result in a judgment for the defendant. *See id.* Damages in a breach of contract claim are measured by the actual damages caused by the breach. *Hartfield v. Solomon*, 316 S.W.3d 50, 65 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "[T]ort damages are generally not recoverable unless the plaintiff suffered an injury that is independent and separate from the economic losses recoverable under a breach of contract claim." *Etsy v. Beal Bank S.S.B.*, 298 S.W.3d 280, 301 (Tex. App.—Dallas, 2009, no pet.).

### IV.  DISCUSSION

At trial, Pauliono failed to present any evidence demonstrating she suffered actual damages for the breach of contract and requested only damages for "pain and suffering

5

and mental distress."[5] Tort damages, including pain and suffering, are not available in a breach of contract claim, absent independent injury. *See Etsy*, 298 S.W.3d at 301. Because Pauliono did not present evidence of damages, actual or otherwise, or of an independent injury caused by La Residencia's breach, she cannot recover for any purported breach of contract. *See Doss*, 210 S.W.3d at 713. Because the lack of evidence of damages is dispositive, we need not address the remaining elements of a breach of contract claim.

In support of her claim for damages, Pauliono asserts on appeal, for the first time, that La Residencia violated Texas Property Code § 92.056 because the problems in her apartment presented a safety hazard. *See* TEX. PROP. CODE ANN. § 92.056. If a landlord is liable to a tenant under § 92.056, then the tenant's remedies include, but are not limited to, a judgment against the landlord for a civil penalty of one month's rent plus $500, actual damages, court costs, and attorney's fees. *Id.*§ 92.0563. However, Pauliono did not plead for relief under § 92.056 at trial and only argued that La Residencia breached the lease agreement. Accordingly, La Residencia's purported violations under § 92.056 were not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *see also Gignac & Assoc., LLP*, 2018 WL 898144, *2.

Having reviewed the entire record, we cannot say that the evidence is so weak as to make the judgment "clearly wrong and manifestly unjust." *See Playboy Enters., Inc.*, 359 S.W.3d at 329. Pauliono has failed to prove "the adverse finding is against the great weight and preponderance of the evidence." *See Id*. Pauliono's sole issue is overruled.

---

[5] Pauliono attached a copy of a new lease agreement that she entered with a different lessor as Appendix 5. Because the lease was not presented at trial, we cannot consider the lease in our decision. *See Cantu*, 195 S.W.3d at 870.

6

## V.    CONCLUSION

The trial court's judgment is affirmed.

CLARISSA SILVA
Justice

Delivered and filed on the
25th day of February, 2021.