# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00657-CV

---

### Housing Authority of The City of Austin, Appellant

### v.

### Ahmed Elbendary, Appellee

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 18-0232-CC2, THE HONORABLE LAURA B. BARKER, JUDGE PRESIDING

---

## O P I N I O N

The Housing Authority of The City of Austin (HACA) appeals a default judgment against it in favor of Ahmed Elbendary. HACA argues the trial court lacked subject matter jurisdiction and, in the alternative, that the default judgment should be set aside on equitable grounds. We will vacate the default judgment and dismiss the case.

## BACKGROUND

This appeal arises out of a family's lease of Elbendary's rental property with federal Section 8 housing assistance. *See generally* 42 U.S.C. § 1437f. HACA is a municipal corporation responsible for addressing a shortage of safe and sanitary housing. *See generally* Tex. Loc. Gov't Code § 392.011 (creating municipal housing authorities). In furtherance of that goal, HACA administers the federal Housing Choice Voucher Program, which provides rental assistance to low income families. *See* 24 C.F.R. § 982.1(a)(1) (2019) (explaining that program

"is generally administered by State or local governmental entities called public housing agencies" with funds provided by Department of Housing and Urban Development). Under that program, a "family selects a suitable unit" to rent and then applies to the local public housing agency for approval. *Id.* § 982.1(b)(2). After approving the tenancy, the agency "enters into a contract to make rental subsidy payments to the owner to subsidize occupancy by the family." *Id.*

In April 2015, a family requested assistance with leasing a residence Elbendary owned in the Austin area. HACA approved the request and signed a contract with Elbendary to pay him monthly rental subsidies. This family rented the residence from April 2015 to April 2016 and allegedly caused $35,000 in damages to the property.

In February 2018, Elbendary sued HACA for breach of contract for allegedly failing to conduct an adequate background check of the family or to ensure the family complied with other program requirements. HACA failed to answer the suit, and the trial court granted Elbendary a default judgment awarding Elbendary $35,796.68 in actual damages on June 5, 2018. On August 7, 2018, HACA filed a motion to extend post-judgment deadlines, *see* Tex. R. Civ. P. 306a, and a motion for new trial. HACA argued in its motion to extend that the post-judgment deadlines should run from July 19, 2018. In its motion for new trial, HACA argued that governmental immunity deprived the trial court of subject matter jurisdiction or, in the alternative, that HACA met the equitable criteria for setting aside a no-answer default judgment. The trial court denied HACA's motion to extend following an evidentiary hearing. HACA filed notice of appeal on October 8, 2018.

## APPELLATE JURISDICTION

Elbendary initially argues that we lack jurisdiction over this appeal because HACA's notice of appeal was untimely.[1] *See Texas Entm't Ass'n v. Combs*, 431 S.W.3d 790, 796 (Tex. App.—Austin 2014, pet. denied) ("Timely filing a notice of appeal is necessary to invoke this Court's appellate jurisdiction[.]"). Generally, a party perfects appeal by filing written notice of appeal within thirty days after the judgment is signed. *See* Tex. R. App. P. 25.1, 26.1. Timely filing certain post-judgment motions extends the deadline to perfect appeal to ninety days. *See id.* R. 26.1(a)(1). The periods to file these post-judgment motions begin on the date the judgment is signed. Tex. R. Civ. P. 306a(1). Relevant here, a motion for new trial is due within thirty days. *Id.* R. 329b(a). There is no dispute that HACA filed its motion for new trial and its notice of appeal more than sixty days after the judgment was signed. However, HACA had filed a motion to have the post-judgment deadlines run from the date it learned of the judgment, July 19, 2018. *See id.* R. 306a(4), (5). HACA argues in its first issue that the trial court erred by denying this motion. Resolution of this issue also resolves Elbendary's jurisdictional argument because HACA filed its motion for new trial within thirty days of July 19, 2018, and its notice of appeal within ninety days.

To ensure that parties can timely file post-judgment motions, Rule 306a directs trial court clerks to "immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed." *Id.* R. 306a(3). If a party adversely affected by a judgment learns of it more than twenty but less than ninety-one days after it is

---

[1] Elbendary appears here pro se. We construe pro se filings liberally and with patience "so as to obtain a just, fair and equitable adjudication of the parties' rights." *Veigel v. Texas Boll Weevil Eradication Found.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.). However, pro se litigants must comply with the same rules and standards as those represented by attorneys. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).

signed, the post-judgment deadlines begin on the earlier of the date the party received notice from the clerk or acquired actual knowledge of the judgment. *Id.* R. 306a(4). To invoke this exception, the party alleging late notice must file a sworn motion with the trial court establishing the date the party or its attorney first learned of the judgment. *Id.* R. 306a(5). The sworn motion "establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding).

HACA filed a sworn motion asserting it first learned of the judgment on July 19, 2018, when Elbendary emailed Lisa Garcia, Vice President of HACA, seeking payment of the judgment. The court denied HACA's motion following an evidentiary hearing, impliedly finding HACA received notice within twenty days after the judgment was signed. *See id.* at 686 (explaining denial of Rule 306a motion implies finding movant received timely notice). HACA challenges the legal sufficiency of that finding.[2] *See LDF Constr., Inc. v. Texas Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding that appellate courts have power to review trial court findings of date party received notice for legal and factual sufficiency); *Hot Shot Messenger Serv., Inc. v. State*, 798 S.W.2d 413, 414–15 (Tex. App.—Austin 1990, writ denied) (same). In conducting a legal-sufficiency review, we credit favorable evidence if a factfinder could reasonably do so and disregard contrary evidence unless a reasonable factfinder could not. *Shields Ltd. P'ship v. Bradberry*,

---

[2] HACA also challenges the factual sufficiency of the finding. We do not reach that challenge because we conclude the evidence is legally insufficient. *See* Tex. R. App. P. 47.1 (directing appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

4

526 S.W.3d 471, 480 (Tex. 2017). A party attacking the sufficiency of an adverse finding on which it had the burden of proof at trial must demonstrate on appeal that "the record conclusively establishes all vital facts in support of the issue." *Id.*

In support of its motion, HACA offered sworn affidavits from Garcia; Michael Gerber, HACA's President; and Thomas Bleich, HACA's trial counsel. The trial court admitted the affidavits without objection. All three testified they had no actual knowledge of the judgment prior to Elbendary's email to Garcia on July 19, 2018, and did not receive notice of the judgment before that time. Garcia and Gerber explained that if HACA had received the notice it would have been filed in one of two locations: the file for the tenants who rented Elbendary's property or the file for Elbendary himself. They examined both files but did not find the clerk's notice. Similarly, Bleich averred that the notice was not filed in his law firm's file for HACA. HACA contends these affidavits conclusively establish that it learned of the judgment on July 19. Elbendary responds that he presented evidence showing HACA likely received notice of the judgment much earlier. Specifically, he presented an affidavit from Regina Brown, assistant Chief Deputy County Clerk of Williamson County, who swears that the notice of judgment was mailed to HACA on June 5, 2018, and that it has not been returned. Elbendary attached Brown's affidavit to his response to HACA's motion to extend but did not offer it into evidence. With exceptions not relevant here, "[e]xhibits attached to pleadings are not evidence in a case until the exhibits are properly introduced and admitted by the presiding authority." *Shah v. Star Anesthesia, P.A.*, No. 04-18-00465-CV, ___ S.W.3d ___, ___, 2019 WL 2194544, at *4 (Tex. App.—San Antonio May 22, 2019, no pet.); *see Shor v. Pelican Oil & Gas Mgmt., LLC*, 405 S.W.3d 737, 751 n.3 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("[A]bsent the parties' agreement, affidavits attached to pleadings and not admitted into evidence do not

5

constitute evidence." (quoting *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 684 n.2 (Tex. App.—Houston [1st Dist.] 2003, no pet.))). On this record, we cannot consider Brown's affidavit as evidence HACA received the notice.

In the absence of affirmative evidence of receipt, Elbendary argues we should hold HACA had constructive notice of the judgment. Constructive notice is a "legal device" in which "a person is deemed to have actual knowledge of certain matters." *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 887 (Tex. 1998). In some circumstances, "[a] person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records." *Brown v. Arenson*, 571 S.W.3d 324, 334 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (quoting *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981)). Elbendary argues that HACA was on constructive notice because its lawyers could have discovered the judgment by tracking the case through the website of the Williamson County Clerk. However, Rule 306a expressly provides that the post-judgment deadlines start on the date the party "acquired actual knowledge of the signing" of the judgment. Tex. R. Civ. P. 306a(4). We will not read a constructive knowledge component into Rule 306a without support in the plain language of the rule. *See In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding) ("When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning.").

Reviewing the evidence under the applicable standard, we conclude the record conclusively establishes that HACA and its counsel first learned of the judgment on July 19, 2018. The trial court's contrary finding is therefore legally insufficient. HACA filed its motion for new trial within thirty days, extending the deadline to perfect appeal to October 17, 2018, and filed notice of appeal on October 8. By timely filing notice of appeal,

HACA successfully invoked our appellate jurisdiction. *See Combs*, 431 S.W.3d at 796. We sustain HACA's first issue.[3]

## GOVERNMENTAL IMMUNITY

HACA argues in its second issue that the trial court erred by permitting its motion for new trial to be overruled by operation of law because governmental immunity deprived the court of jurisdiction over Elbendary's claim. *See Marrot Commc'ns v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (explaining default judgment is proper only if record "reflects[s] that the trial court has jurisdiction of the subject matter and the parties and that the case is ripe for judgment" (citing *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968))).

We review the denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). Under this standard, reviewing courts defer to the trial court's factual determinations but review legal questions de novo. *Van Ness v. ETMC First Physicians*, 461 S.W.3d 140, 142 (Tex. 2015). The existence of subject matter jurisdiction is an issue of law. *Harris County v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018).

Governmental immunity defeats a trial court's subject matter jurisdiction over a claim unless the State consents and waives immunity. *City of Houston v. Houston Mun. Employs. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018). Courts defer to the Legislature to waive governmental immunity through "clear and unambiguous language." *Annab*, 547 S.W.3d at 613 (quoting Tex. Gov't Code § 311.034). Elbendary argues Section 271.152 of the Local

---

[3]  Elbendary filed a separate motion to dismiss this appeal on the same jurisdictional ground. We deny the motion for the reasons discussed.

Government Code waives HACA's immunity.[4] That section creates "a limited waiver of immunity for local governmental entities that enter into certain contracts." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 412 (Tex. 2011). Specifically, a local governmental entity that is legally authorized "to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." Tex. Loc. Gov't Code § 271.152. A contract "subject to this subchapter" is in writing, properly executed, and states "the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2)(A). The parties focus on whether Elbendary agreed in the Contract to provide a service to HACA.

The Texas Supreme Court has explained that the term "services," as used in Section 271.151, "includes generally any act performed for the benefit of another under some arrangement or agreement whereby such act was to have been performed," but does not extend to "contracts in which the benefit that the local governmental entity would receive is an indirect, attenuated one." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 839 (Tex. 2010) (first quoting *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 895 (Tex. 1962); then quoting *Berkman v. City of Keene*, 311 S.W.3d 523, 527 (Tex. App.—Waco 2009, pet. denied)). Elbendary contends he provided a service directly to HACA by agreeing to lease his

<hr />

[4] Elbendary also contends that the Legislature has waived the immunity of housing authorities generally by providing those entities "may sue and be sued." Tex. Loc. Gov't Code § 392.065(1). We reject this argument because the Texas Supreme Court has held that this provision does not "reflect a clear and unambiguous legislative intent to waive immunity from suit." *Abilene Hous. Auth. v. Gene Duke Builders, Inc.*, 226 S.W.3d 415, 416–17 (Tex. 2007) (per curiam) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 342 (Tex. 2006)).

property to HACA's "approved family." We disagree. Elbendary expressly represented in the Contract that he signed a separate contract with the tenant family agreeing to lease the property with "assistance under the Section 8 voucher program." The central purpose of the agreement between Elbendary and HACA was to funnel federal funds to him to subsidize that family's choice of housing. HACA served as the conduit of those funds and did not directly receive the benefits of Elbendary's services in leasing his property. *See San Antonio Hous. Auth. v. Serento Apartments, LLC*, 478 S.W.3d 820, 826 (Tex. App.—San Antonio 2015, no pet.) (concluding that similar contract did not waive immunity of San Antonio Housing Authority because it "was merely the conduit of federal funds and did not directly receive the benefit of services"); *see also East Hous. Estate Apartments, L.L.C. v. City of Houston*, 294 S.W.3d 723, 736 (Tex. App.— Houston [1st Dist.] 2009, no pet.) (holding loan agreement where City provided federal funds to enable corporation to rehabilitate apartment complex to provide low income housing did not waive immunity because "no services were provided directly to the City"). Persuaded by these authorities, we conclude Section 271.152 does not waive HACA's governmental immunity from suit. We sustain HACA's second issue.

HACA argues in its third issue that it established the three equitable factors for setting aside a default judgment. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). We do not reach this argument because it is unnecessary to fully dispose of this appeal. *See* Tex. R. App. P. 47.1.

**CONCLUSION**

We vacate the trial court's judgment and dismiss the case. *See id.* R. 43.2(e).

9

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Vacated and Dismissed

Filed:   August 15, 2019